562 P.2d 379
STATE of Arizona, Appellee,

v.

Billy Lee CONDRY, Appellant.

No. 3633.

Supreme Court of Arizona,
In Banc.

March 18, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Chief Counsel, Thomas G. Bakker, Asst. Attys. Gen., Phoenix, for appellee.

Brandt & Engler by Don B. Engler, Yuma, for appellant.

STRUCKMEYER, Vice Chief Justice.

Defendant, Billy Lee Condry, was indicted for and convicted after a jury trial of perjury based on testimony he gave under oath on two separate occasions. The testimony was to the effect that he had witnessed his wife affix her signature to a will which was offered and received in probate in the Superior Court of Yuma County, Arizona. He appeals. Judgment of conviction affirmed.

The defendant raises but a single issue. He asserts that the trial court committed

reversible error in permitting the prosecuting attorney to comment on his failure to call a particular witness. The State's position is that the defendant is precluded from raising this question on appeal because he did not object to the prosecuting attorney's closing argument on the ground he now raises as error and, therefore, the objection is waived. *See Sullivan v. State,* 47 Ariz. 224, 55 P.2d 312 (1936).

■ The defendant objected as the prosecution was arguing to the jury in this manner:

"Now there were some other witnesses, ladies and gentlemen, that we never heard from. Where is Mr. James Campbell? Where is Mr. Campbell, the attorney who drafted this will, to tell us what was supposed to be—

[DEFENSE COUNSEL]: Your Honor, may I interpose an objection to counsel commenting on evidence not before the jury?

THE COURT: I think it's a reasonable argument, [defense counsel], to suggest inference from the absence of witnesses.

[DEFENSE COUNSEL]: All right, Your Honor."

From the above, it is obvious that the court overruled defense counsel's objection for the reason that it was proper for the prosecuting attorney to draw an adverse inference from the defendant's failure to call as a witness James Campbell. Even though the defendant objected on the ground of improper comment on the evidence, it is clear that the trial court overruled the objection because it felt the statement was a proper comment on the failure to call a witness. We think the defendant's objection was sufficiently certain to preserve for appeal the grounds to which the court understood the objection was directed.

Defendant argues that the prosecution's comment created an unwarranted inference

that the reason Campbell was not called to testify was that his testimony would have been adverse to the defendant. He asserts that this error calls for reversal because the comment could have contributed substantially to his conviction.

■ In this jurisdiction, the prosecuting attorney may comment upon the failure of the defendant to produce material witnesses who would substantiate his defense. *State v. Hatten,* 106 Ariz. 239, 241, 474 P.2d 830 (1970). This rule is limited by our pronouncements in *State v. Young,* 109 Ariz. 221, 508 P.2d 51 (1973). In *Young,* in a prosecution for murder, the prosecuting attorney commented on the defense's failure to present evidence to support defendant's testimony that the decedent had been convicted of a prior violent crime. We upheld the prosecution's statements as properly reflecting on the defendant's credibility. We quoted with approval from *Samish v. United States,* 223 F.2d 358, 365 (9th Cir. 1955):

" '[R]ules restricting comment on failure to produce witnesses should be restricted to those who are available both legally and practically to [only] one side.' " *Young,* supra, at 225, 508 P.2d at 55.

Wigmore states that where a witness is equally available to both sides or when he is not available to either side, no inference should be allowed by either party from the other's failure to call that witness to testify. Wigmore on Evidence, 3rd Ed., §§ 286, 288.

■ The record does not support the assertion defense counsel makes in his brief that Campbell was not called to testify because he was residing and practicing law in California.[1] Nor has the defendant shown that the provisions of the Uniform Act to Secure the Attendance of Witnesses from Without a State in Criminal Proceedings, A.R.S. § 13–1861 et seq., have no application. Without such being established, it was

---

1. Defendant argues that the witness' testimony was equally accessible to the State since he had testified at the perjury trial of the two attesting witnesses. He bases this argument on the Prior Recorded Testimony exception to the Hearsay Rule. However, by 17 A.R.S., Rules of

Criminal Procedure, Rule 19.3(c), the former testimony was not available to the State because the party against whom it would be used, the defendant, was not a party to the former trial and had no right of cross-examination at that trial.

proper for the State to comment on the failure of the defendant to call an important witness who could have substantiated his claim, if true, that the will offered for probate had been drafted for the decedent at her request.

▮ The State directs to our attention in its brief the sentence which was imposed by the court below. It argues that the sentence was improper. We have repeatedly held that a cross-assignment of error in the absence of a cross-appeal can be considered only in support of the judgment. Hence, we do not reach the State's second argument that defendant's sentence was not authorized by law. *Hackin v. Gaynes,* 103 Ariz. 13, 436 P.2d 127 (1968).

Judgment affirmed.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.