UPCHURCH, Chief Judge.
Appellant Geoffrey Lynn Walker was involved in two unrelated cases. In case no. 83-4171, Walker pleaded guilty, to one count of criminal mischief and two counts of battery, all misdemeanors stemming from an incident in which he damaged the truck of Emil Smigelsky. The damage to the truck was repaired and a rental car was provided to Smigelsky by State Farm Auto Insurance. In case no. 83-4411, Walker pleaded guilty to resisting arrest with violence, a felony, and assault, a misdemean- or, stemming from an incident in which he threw a spike at an occupied police car.
A sentencing hearing was held for both cases. At the hearing, the court noted that the primary offense under the sentencing guidelines was the felony charge of resisting an officer with violence. At the conclusion of the hearing, the court sentenced Walker as follows:
On the charge of resisting an officer with violence you will be sentenced to a period of fifty-one weeks in the Orange County Jail, as a condition of your five years of supervised probation.
The additional charges are all misdemeanor charges. On each of those you will be sentenced to a statutorily maximum period.
Battery is one year, criminal mischief is 60 days and assault 60 days. All of those sentences, however, will be served concurrently. That means at the same time.
Additional conditions of supervised probation will be as follows: condition number one, you will make restitution in the amount of $4,123.00 to the State Farm insurance company they paid for damages to the truck.
If there’s a dispute as to the restitution amount, I’ll allow you a hearing date and consider it more carefully.
Walker did file a motion for a restitution hearing and a hearing was held on July 7, 1986. During the hearing, defense counsel noted that two different cases were involved and there might be some confusion. The trial court also noted that the sentence forms in case 83-4411 listed restitution at $423 and at $1,423. The court assumed that the amended sentence form listing restitution at $1,423 was the proper one. The state then presented the testimony of Emil Smigelsky, a claims adjustor from State Farm Insurance and two auto body repairmen. The defense put on Walker, who testified as to his financial condition.
At the conclusion of the hearing, the court found that Walker was responsible for restitution to State Farm in the amount of $1,574.04, the cost of the truck repairs *72 and the rental payments. The court also specifically found that Walker had the ability to pay restitution during the probationary period.
Walker filed a notice of appeal from the “Final Order of Restitution” rendered on July 7, 1986. The notice of appeal was referenced to case number 83-4411, the resisting arrest case. Case number 83-4171 has not been appealed.
The first question presented is whether the trial court erred in imposing restitution in case no. 83-4441. In Shieder v. State, 430 So.2d 537 (Fla. 5th DCA 1983), this court held that the failure of the defendant’s written sentences to conform to the trial judge’s pronouncement in open court constituted a fundamental sentencing error. Likewise, in the present case, the record shows that restitution was intended to be imposed in case 83-4171, the criminal mischief case. There is no indication that restitution was ever intended to be imposed in the resisting arrest case. Accordingly, the sentence in case 83-4411, the resisting arrest case, is reversed and the cause remanded with directions to the trial court to strike the restitution condition from the probation order. Because case number 83-4171 was not appealed, we have no jurisdiction to correct the sentence to conform to the trial court’s ruling and to include the restitution order.
The second question is whether the trial court erred in failing to apportion restitution. Walker correctly notes that a probationer may not be required to make restitution in excess of the amount of damage caused by his criminal conduct. Fresneda v. State, 347 So.2d 1021 (Fla.1977). However, where criminal activity is undertaken in concert with others, the method of prorating any required restitution is a matter within the discretion of the trial court. Pollreisz v. State, 406 So.2d 1297 (Fla. 1st DCA 1981).
In the present case, the victim testified that Walker and his father pounded their fists, kicked in the sides of his car, tried to pull his windshield wipers and mirrors off and did other damage to his truck. The victim, however, could not specifically state what damage was caused by each. Walker and his father were not charged in the same information, although the record indicates that the state was proceeding against both men. The trial court required Walker to pay the full amount of the restitution to the victim subject to his reimbursement from any other defendant who may subsequently be liable for the damage. Since there were no codefendants at this time, requiring Walker to pay full restitution for damage done in concert with others subject to reimbursement was not an abuse of discretion.
As to the remaining questions, whether the court erred in determining the amount of restitution and whether the court properly considered Walker’s ability to pay restitution, we find no error.
We affirm the judgment but reverse the sentence and remand with directions to the trial court to strike the imposition of restitution as a condition of probation.
AFFIRMED in part; REVERSED and REMANDED in part.
SHARP and COWART, JJ., concur.