792 P.2d 741

**STATE of Arizona, Appellee,**

v.

**Lawrence DAWSON, Appellant.**

**No. CR–89–0184–PR.**

Supreme Court of Arizona,
En Banc.

May 10, 1990.

Robert K. Corbin, Atty. Gen. by Jessica G. Funkhouser, Chief Counsel, Crim. Div., Phoenix, Bruce M. Ferg, Asst. Atty. Gen., Tucson, for appellee.

Sevrin J. Huselid *, Globe, for appellant.

Lawrence Dawson, Tucson, in pro. per.

## OPINION

CORCORAN, Justice.

The state petitions for review of the court of appeals decision affirming defendant's convictions and refusing to correct sentencing errors pointed out by the state in its answering brief to defendant's appeal. The issue we must address is whether, in the absence of an appeal or cross-appeal by the state, an appellate court has subject matter jurisdiction to correct an illegally lenient sentence when a criminal defendant appeals. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), and A.R.S. § 12–120.24. We granted review pursuant to rule 31.19, Arizona Rules of Criminal Procedure.

### Procedural Background

Defendant was convicted by a jury of 8 counts of child abuse, all dangerous crimes against children in violation of A.R.S.

§ 13–604.01. The trial court imposed 8 presumptive sentences totalling 60 years without possibility of parole for 25 years. Six counts involved the same child; those sentences were imposed concurrently but consecutively to the other two counts, which involved two additional children. The state did not object to this sentencing in the trial court, and did not file an appeal contending that an illegal sentence had been imposed.

Defendant appealed from his convictions on grounds not at issue in this review and not relevant to his sentences. The state did not cross-appeal, but pointed out in its answering brief, among other things, that the trial court had erred in calculating the sentences, and had failed to follow the mandatory provisions of A.R.S. § 13–604.01, which require consecutive sentences of life imprisonment without possibility of parole for 35 years on 4 of the 8 counts because defendant's other counts constituted "predicate felonies" pursuant to A.R.S. § 13–604.01(K)(2).

The court of appeals affirmed defendant's convictions and sentences, in a memorandum decision, rejecting the grounds raised by defendant in his appeal. The court of appeals also addressed one sentencing discrepancy alleged by the state that would have benefited defendant and found no error. However, it refused to address the above error claimed by the state in its answering brief, reasoning as follows:

> The correct sentence [on count 6], it is alleged, should have been life without parole for 35 years, consecutive to any other sentence imposed. A like argument is made for counts 7, 8, and 1. The prosecution failed to file a cross-appeal, and therefore has waived the alleged sentencing error. *State v. Tyree*, 109 Ariz. 259, 508 P.2d 335 (1973), *rev'd on other grounds, State v. Lewis*, 109 Ariz. 466, 512 P.2d 9 (1973); *State v. Ambalong*, 150 Ariz. 380, 723 P.2d 729 (App.1986).

*State v. Dawson*, 2 CA–CR 87–0572 (Ariz. App. Apr. 6, 1989), mem. dec. at 9–10.

---

* Attorney for appellant was allowed to withdraw on November 27, 1989, after filing a response to the state's Petition for Review.

*Discussion*

In its petition for review, the state asks us to hold that appellate courts have a duty to correct an illegally lenient sentence that appears on the appellate record, even though the correction results in detriment to defendant as a result of his own appeal, and even in the absence of an appeal or cross-appeal by the state. The state contends that an appellate court's reliance on the *Tyree/Ambalong* reasoning that the state has "waived" the error by failing to timely cross-appeal results in a violation of the separation of powers doctrine set forth in article 3 of the Arizona Constitution. We do not decide, in the context of this review, whether the trial court erred in imposing defendant's sentence, or whether the state's calculations are correct. We therefore limit our review to whether the court of appeals has the power to decide the issue. For that purpose, we accept as true the state's allegation that the sentences imposed were illegally lenient under the requirements of A.R.S. § 13–604.01, without so deciding.

We believe the threshold issue is whether appellate courts have subject matter jurisdiction to decide issues not properly before them in a direct appeal or cross-appeal. Unless an appellate court has the constitutional or statutory power to act to correct such an error, its refusal to act cannot violate the constitutional doctrine of separation of powers.

1. *The State's Right to Directly Appeal or Cross–Appeal*

 We have long recognized that the right of appeal is a matter of grace given by organic or statutory law, because at common law no right of appeal existed; thus, when an appeal is sought, it must be done within the time and manner provided by law. *State ex rel. Murphy v. Superior Court*, 25 Ariz. 226, 215 P. 538 (1923). The United States Supreme Court established early that the government could not take an appeal in a criminal case without express statutory authority "sufficiently explicit to overcome the common-law rule that the State could not sue out a writ of error in a criminal case unless the legislature had expressly granted it that right." *United States v. Wilson*, 420 U.S. 332, 336, 95 S.Ct. 1013, 1018, 43 L.Ed.2d 232 (1975), citing *United States v. Sanges*, 144 U.S. 310, 318, 12 S.Ct. 609, 612–13, 36 L.Ed. 445 (1892). This court has acknowledged that appeals by the state in criminal matters are not favored and will be entertained only when that right is clearly provided by constitution or statute. *State ex rel. McDougall v. Gerber*, 159 Ariz. 241, 242, 766 P.2d 593, 594 (1988). This is because statutes allowing the state to appeal, "being in derogation of common law, should be strictly construed." 24 C.J.S. *Criminal Law* § 1675 at 334 (1989). Thus, we presume, in the absence of express legislative authority, that the state lacks the ability to appeal in criminal matters. *Arizona v. Manypenny*, 451 U.S. 232, 101 S.Ct. 1657, 68 L.Ed.2d 58 (1981).

 In the absence of a constitutional provision or statute conferring the state's right to appeal, an appellate court has no subject matter jurisdiction to consider that appeal. *State v. Lelevier*, 116 Ariz. 37, 38, 567 P.2d 783, 784 (1977). One of the jurisdictional prerequisites to an appeal by the state is a timely filing of a notice of appeal or cross-appeal. *State v. Berry*, 133 Ariz. 264, 266, 650 P.2d 1246, 1248 (App.1982). Another jurisdictional prerequisite is that the grounds alleged by the state must be those specified in a jurisdictional statute. *See, e.g., State v. Waicelunas*, 138 Ariz. 16, 672 P.2d 968 (App.1983) (court had no jurisdiction to entertain discovery error alleged in state's appeal).

 The Arizona Constitution provides the legislature with the power to establish intermediate appellate courts and determine the scope of their powers. *See* Ariz. Const. art. 6, § 1. The Arizona legislature has statutorily provided for prosecutorial appeals in the following limited situations:

*An appeal may be taken by the state from:*

1. An order dismissing an indictment, information or complaint or count of an indictment, information or complaint.

2. An order granting a new trial.

3. An order arresting judgment.

4. A ruling on a question of law adverse to the state when the defendant was convicted and appeals from the judgment.

5. An order made after judgment affecting the substantial rights of the state.

6. *A sentence on the grounds that it is illegal, or if the sentence imposed is other than the presumptive sentence authorized by § 13–604 or 13–701.*

7. An order granting a motion to suppress the use of evidence.

8. A judgment of acquittal of one or more offenses charged in an indictment, information or complaint or count of an indictment, information or complaint entered after a verdict of guilty on the offense or offenses.

A.R.S. § 13–4032 (emphasis added). In this case, the state had the right, pursuant to § 13–4032(6), either to appeal or cross-appeal from the trial court's refusal to treat defendant's prior counts as "predicate felonies" for enhancement purposes. *See, e.g., State v. Sands,* 145 Ariz. 269, 700 P.2d 1369 (App.1985). The trial court's failure to impose a sentence in conformity with the mandatory provisions of the sentencing statute makes that sentence "illegal" within the meaning of § 13–4032(6), and therefore properly appealable. *State v. Gonzales,* 141 Ariz. 512, 687 P.2d 1267 (1984). Furthermore, the trial court's failure to impose a legal sentence is one of those rare situations from which the state can seek review even if it failed to object in the trial court.[1] *State v. Vargas–Burgos,* 162 Ariz. 325, 783 P.2d 264 (App.1989). Our court of appeals has recently reasoned:

Although it is preferable for any question regarding the appropriateness of a sentence to be brought to the trial court's attention as soon as possible and certainly before the defendant files a notice of appeal, thereby depriving the trial court of jurisdiction to correct the sentence, we do not believe failure to do so waives the issue.... The state may appeal from an illegal sentence under A.R.S. § 13–4032(6) and raised its objection to the sentence imposed in the instant case in a cross-appeal, as it has repeatedly been urged to do.... We believe that the objections to the sentence were properly raised on appeal and were not waived by the state's failure to object below.

*Vargas–Burgos,* 162 Ariz. at 327, 783 P.2d at 266.

Thus, had the state appealed from the sentencing judgment within 20 days or had it cross-appealed within 20 days after service of defendant's notice of appeal, as provided in rule 31.3, Arizona Rules of Criminal Procedure, the court of appeals would have had the jurisdictional power, pursuant to § 13–4032(6), to consider the error. It also would have had the statutory power to act to correct the error and modify the sentence to conform to the mandatory minimum statutory requirements of A.R.S. § 13–604.01. *See* A.R.S. § 13–4036. Had the trial court refused to correct such an error under circumstances in which it had the power to do so, its refusal to act would have been an abuse of discretion, correctable upon review to this court. The problem in this case, of course, is that the state failed to take the procedural steps to confer jurisdiction upon the court of appeals to consider the error. In the absence of a cross-appeal, therefore, the court of

---

1. The state also has a procedural remedy available to correct an illegal sentence in the trial court. Rule 24.3, Arizona Rules of Criminal Procedure, provides as follows:

 *Modification of Sentence.*
 The court may correct any unlawful sentence or one imposed in an unlawful manner within 60 days of the entry of judgment and sentence but before the defendant's appeal, if any, is filed.

The comment to rule 24.3 explains: "An unlawful sentence is one not authorized by law.... [T]he Rule 24.3 motion assumes the correctness of the judgment [of conviction], but attacks the validity of the sentence." Thus, the state has the opportunity to bring the sentencing error to the trial court's attention for correction without filing an appeal. We strongly urge the state to utilize this procedure whenever possible before filing an appeal or cross-appeal from an illegal sentence.

appeals was justified in refusing to correct the alleged sentencing error.

We note that the court of appeals relied on a "waiver" theory first espoused by this court in *State v. Tyree*, 109 Ariz. 259, 508 P.2d 335 (1973), and followed by the court of appeals in *State v. Ambalong*, 150 Ariz. 380, 723 P.2d 729 (App.1986). In *Tyree*, this court noted that the defendant had received an illegally lenient sentence, but that the state had not appealed. We said, "Since the sentence imposed was not challenged by the state we deem the issue waived," although we did not condone the sentence. 109 Ariz. at 261, 508 P.2d at 337. In *Ambalong*, the court of appeals noted that the trial court had erroneously failed to impose restitution, a mandatory requirement of the sentencing statute. The court of appeals did not correct the error, reasoning as follows:

> We believe that it was the duty of the state to insist upon the imposition of restitution. We originally issued an opinion in this case remanding to the trial court with directions to impose restitution. We vacated that opinion when the opinion in *State v. Tyree*, 109 Ariz. 259, 508 P.2d 335 (1973) came to our attention. *Tyree* holds if the state does not cross-appeal, the failure to impose a mandatory sentence is waived. We have reissued our opinion to stress that it is the duty of the state to insist upon the imposition of restitution and the duty of the trial court to impose the same regardless of whether or not the state presses the issue.

*Ambalong*, 150 Ariz. at 381, 723 P.2d at 730.

Although we believe that both these cases reached the right result, we find unfortunate their use of a "waiver" theory to support these holdings. "Waiver," in its normal usage in appellate cases, applies to presumed abandonment of a claim not argued by a party prejudiced by that error, when that party is otherwise properly before the court on appeal. Waiver does not become an issue unless the state's appeal is *jurisdictionally* before a *court* for consideration, which did not occur in either *Tyree*

or *Ambalong*. As we have discussed above, the state's failure to timely appeal or cross-appeal acts as a jurisdictional bar to its raising the error in defendant's appeal. To the extent *Tyree* and *Ambalong* rely on "waiver" in any other sense, we disapprove that reasoning.

### 2. *State's Right of Review of Cross-Issues Without Appealing*

■ The state contends that, even in the absence of a jurisdictionally required appeal or cross-appeal, we must consider any illegally lenient sentence that the state raises in its answering brief. We have previously rejected the contention, in the absence of the state's appeal or cross-appeal, that we are statutorily conferred with the power to consider any error raised by the state that is not in *support* of the judgment. *See State v. Condry*, 114 Ariz. 499, 562 P.2d 379 (1977). In *Condry*, we held as follows:

> The State directs to our attention in its brief the sentence which was imposed by the court below. It argues that the sentence was improper. We have repeatedly held that a cross-assignment of error in the absence of a cross-appeal can be considered only in support of the judgment. Hence, we do not reach the State's second argument that defendant's sentence was not authorized by law.

114 Ariz. at 501, 562 P.2d at 381. *See also Hackin v. Gaynes*, 103 Ariz. 13, 436 P.2d 127 (1968), and *Bowman v. Board of Regents*, 162 Ariz. 551, 785 P.2d 71 (App.1989) (both applying the same rule in the context of civil cases).

We believe this rule applies to the present case and is supported by strong policy. The Wisconsin Supreme Court has explained its rationale:

> [W]hen the error complained of, if corrected, would sustain the judgment, order, or portion thereof appealed from, the respondent by common law is entitled to have review of such claimed error by raising the issue in its brief without service of a notice of review or notice of cross-appeal. The reason for this is the

accepted appellate court rationale that a respondent's judgment or verdict will not be overturned where the record reveals that the trial court's decision was right, although for the wrong reason. An appellate court, consistent with that [precept], has the power, once an appealable order is within its jurisdiction, to examine all rulings to determine whether they are erroneous, and if corrected, whether they would sustain the judgment or order which was in fact entered.

*State v. Alles*, 106 Wis.2d 368, 316 N.W.2d 378, 388 (1982). In this case, the state's argument that the trial court imposed an illegally lenient sentence in violation of a statutory requirement is not one in *support* of the trial court's judgment, and therefore cannot be considered as a cross-issue in the state's brief in the absence of a cross-appeal.

3. *Error Reviewable on an Appellate Court's Own Motion*

■■■ Some types of error, even though not properly appealed from or raised as a cross-issue in support of a judgment, are nonetheless reviewable within an appellate court's jurisdiction. Our scope of review has been statutorily broadened to include the entire record when a defendant appeals from a judgment, regardless of the grounds urged in that appeal. *See* A.R.S. § 13–4035. Thus, we will search the record and correct "fundamental error," that is, error that goes to the foundation of the case and takes from a defendant a right essential to his defense, even if not raised in the trial court or on appeal. *See State v. King*, 158 Ariz. 419, 424, 763 P.2d 239, 244 (1988); *State v. McGann*, 132 Ariz. 296, 645 P.2d 811 (1982). We can review such error if the defendant confers jurisdiction on this court by filing an appeal and we are able to decide the case on its merits from the record. *See, e.g.,* rule 21(b), Arizona Rules of the Supreme Court; *State v. Tapp*, 133 Ariz. 549, 653 P.2d 6 (1982). Obviously, a judgment *not* appealed from cannot be corrected by an appellate court no matter how blatantly and publicly that error appears on the face of the record. A defendant's sentence, right or wrong, be-

comes subsumed into the final judgment. *See State ex rel. McDougall v. Tvedt,* 787 P.2d 1077, 1081 (Ariz.App.1989) (state was precluded from seeking special action review to increase defendant's sentence after appeal time had expired and judgment was final). The judgment becomes final once the time to appeal has passed, unless further post-conviction relief is sought. *See, e.g.,* rules 31.3(b) and 32.1(f), Arizona Rules of Criminal Procedure (providing for a defendant to take a delayed appeal); rule 32, Arizona Rules of Criminal Procedure (providing for post-conviction relief after the appeal time has run).

The state argues, however, that appellate courts have a statutory duty similar to that imposed in A.R.S. § 13–4035, to search the record for sentencing error, even that which inures to the detriment of a defendant. The state relies on the following provisions of A.R.S. § 13–4037:

A. *Upon an appeal by the defendant either from a judgment of conviction or from sentence, if an illegal sentence has been imposed upon a lawful verdict or finding of guilty by the trial court, the supreme court shall correct the sentence to correspond to the verdict or finding. The sentence as corrected shall be enforced by the court from which the appeal was taken.*

(Emphasis added.)

This provision is relevant not to our jurisdiction, but to our scope of review. The statute assumes the existence of subject matter jurisdiction conferred on the court when a *defendant* appeals from an illegal sentence pursuant to the jurisdictional authority of A.R.S. § 13–4033(3). It does not apply to increase our jurisdiction beyond the limits of A.R.S. § 13–4032 to allow us to correct errors alleged by the state in the absence of an appeal or cross-appeal by the state.

We thus do not interpret the provisions of § 13–4037 so broadly as to give an appellate court the authority to increase a defendant's sentence as a result of his own appeal. We believe this statute was intended to allow an appellate court to reduce an illegally severe sentence—that is, one be-

yond the maximum allowed by statute, or one imposed for a greater crime than that for which defendant was convicted. The only statutory power we are afforded to *increase* an illegal sentence to conform to the judgment of conviction is predicated "[u]pon an appeal by the *state*." *See* A.R.S. § 13–4038 (emphasis added). Indeed, the state has not brought to our attention any reported case in which an appellate court has utilized its power under A.R.S. § 13–4037 to increase a sentence in the absence of an appeal by the state, nor have we been able to find any. Our research in other jurisdictions has revealed that other state appellate courts will not consider such an increased sentence correction in the context of a criminal defendant's appeal. *See, e.g., Walker v. State,* 516 So.2d 70, 72 (Fla.App.1987) (in the absence of an appeal by the state, the appellate court had no jurisdiction to correct a sentence to conform to the trial court's ruling and include a mandatory restitution order); *State v. Fraser,* 484 So.2d 122 (La.1986) (appellate court does not have duty to correct every illegal sentence; patent error that is favorable to the defendant, in the absence of a cross-appeal, will not be corrected to defendant's detriment); *State v. Marshall,* 411 N.W.2d 276, 281 (Minn.App. 1987) (the state's contention in defendant's appeal that the trial court committed a sentencing error could not be addressed because the state did not appeal the sentence as it could have under Minn.R. Crim.P. 28.04); *State v. Ogar,* 229 N.J.Super. 459, 551 A.2d 1037, 1044 (App.1989) (failure to cross-appeal precludes a respondent from attacking an adverse portion of a judgment). *See also United States v. Adams,* 771 F.2d 783 (3d Cir.1985) (in absence of appeal by the government, court of appeals would not direct a sentence more severe than the one appealed). *Cf. State v. Babbell,* 770 P.2d 987, 993–94 (Utah 1989) (where the statutory provisions do *not* provide the state with a right to cross-appeal to raise a sentencing error, and where the state raised the issue in its oral argument or brief in defendant's appeal, the appellate court *would* consider the error and remand to require the trial

court to impose the minimum mandatory provisions of the sentencing statute). Those courts that have entertained such sentencing errors in the context of a criminal defendant's appeal have generally either failed to consider the jurisdictional impediment to such an action, or have remanded to correct a sentencing error that would not necessarily result in detriment to the defendant. *See, e.g., People v. Benton,* 100 Cal.App.3d 92, 161 Cal.Rptr. 12 (1979) (trial court's error, raised only in state's brief, in failing to pronounce judgment on 5 priors and in staying part of prison term without justification was the type of unauthorized sentence that can be corrected by remand on defendant's appeal); *People v. Bowers,* 92 A.D.2d 669, 461 N.Y.S.2d 900 (1983) ("At the outset, we note that the court failed to fix a minimum term of imprisonment as required by law.... Although the issue is not raised in either brief, we conclude that the matter should be remitted for re-sentencing in compliance with the statute"); *Atkins v. State,* 437 N.E.2d 114, 119 (Ind.App.1982) (appellate court, on its own motion, remanded one-year sentence for imposition of mandatory two-year minimum; no discussion regarding subject matter jurisdiction to do so). We find these cases either distinguishable or unpersuasive.

The Louisiana Supreme Court has taken an approach to this issue with which we agree. In a *per curiam* opinion in 1983, that court held:

> When the defendant alone seeks review of a conviction and sentence, the court of appeal should review only those issues raised by the defendant and any patent errors favorable to defendant. The court of appeal erred in this case by reviewing a sentencing error unfavorable to defendant, thereby providing a chilling effect on defendant's exercise of his right to appeal.

*State v. Napoli,* 437 So.2d 868 (La.1983). A year later, the same court held that, although its rules of criminal procedure at that time allowed an appellate court to take notice of the illegality of a sentence as an error "patent on the face of the record," an

appellate court could not, on its own motion, take cognizance of a sentencing error not properly raised on appeal and render a sentencing judgment less favorable to the defendant than the judgment from which he appealed. *State v. Jackson*, 452 So.2d 682 (La.1984). The court reasoned:

> An unsought modification by an appellate court, if the result is a harsher sentence, either is or appears to be retaliatory in nature. Such modifications thus may produce a "chilling effect" on the exercise of the right of appeal.

*Jackson*, 452 So.2d at 683. Following these two decisions, the applicable Louisiana procedural rule was amended in an apparent attempt to overrule these cases and others. *See State v. Fraser*, 471 So.2d 769, 773 (La.App.1985) (*Fraser I*). The amendment provided that an illegal sentence could be corrected at any time by an appellate court on review.[2] The amended rule, based in part on former rule 35, Federal Rules of Criminal Procedure (repealed effective November 1, 1987), was interpreted by the Louisiana Court of Appeal to include correction of sentencing errors "even though the result may not be favorable for the defendant." *Fraser I*, 471 So.2d at 75–76. In its review of that decision, the Louisiana Supreme Court disagreed, reasoning that the amendment did not suggest that an appellate court had power to correct a sentencing error in the absence of a proper application for review by either the defendant or the prosecutor; the court concluded that "there is no codal or statutory authority for an appellate court to search the record for patent sentencing errors to the detriment of the only party who sought review by the appellate court." *State v. Fraser*, 484 So.2d 122, 124 (La.1986) (*Fraser II*). The court further reasoned:

> We also base our decision on the proper allocation of functions between the appellate court and the prosecutor. We note that the appearance of an impartial judiciary is not served when an appellate court supplies an objection to the prosecutor who has not complained that the defendant did not receive the harshest minimum sentence under the penalty statute. It is the prosecutor's duty to protect the state's interest in obtaining adequate sentences, and the criminal justice system suffers no detriment from the application of time-honored procedural rules which require the parties, and not the appellate court, to complain of some dissatisfaction with the judgment of the lower court in order to obtain any favorable change in the judgment or appeal. We therefore conclude that the amendment to Article 882 did not affect these basic procedural concepts, nor did it modify our holding in the *Jackson* case.

*Fraser II*, 484 So.2d at 125.

We believe similar policy considerations should preclude our interpreting § 13–4037 to include a statutory duty requiring appellate courts to search for error detrimental to the defendant in his own appeal. The state has been afforded specific and ample procedural vehicles to enable it to correct

---

2. La.Act.1984, No. 587, amended La.C.Cr.P. Art. 882 to read as follows:

A. *An illegal sentence may be corrected at any time* by the trial court that imposed the sentence *or by an appellate court on review.*

B. A sentence may be reviewed as to its legality on the application of the defendant or of the state:

(1) In an appealable case by appeal; or

(2) In an unappealable case by writs of certiorari and prohibition.

We note that in a recent case, the Louisiana Court of Appeal, apparently in reliance on this article, considered a sentencing error raised in the state's answering brief to defendant's appeal and remanded to the trial court for resentencing. *State v. Restrepo*, 544 So.2d 512 (La.App. 1989). The *Restrepo* court distinguished *Fraser II* as follows: "An illegally lenient sentence may not be corrected by the appellate court on its own motion. *State v. Fraser ....* However, in a case such as this where the State raises the issue in appellate brief, this issue should be considered." 544 So.2d at 515.

Without engaging in a discourse on Louisiana law, we disagree with the reasoning of the *Restrepo* court, and do not believe that the policy considerations set forth in *Fraser II* support such a distinction. Under Arizona law, as we have previously pointed out, an appellate court cannot consider those issues raised by the state in an answering brief that do not support the judgment from which the defendant appeals. *State v. Condry*, 114 Ariz. at 501, 562 P.2d at 381.

sentencing error both in the trial court, *see* rule 24.3, and on appeal, *see* A.R.S. § 13–4032(6). Our power to correct an illegal sentence to correspond to a verdict is predicated on an appeal by the state. It is not the function of an appellate court to expand this process by undertaking to seek out error the state has neglected to pursue through proper jurisdictional channels. Therefore, we will continue to decline correction of illegally lenient sentences in the absence of proper appeals or cross-appeals by the state.

We hold that the court of appeals did not err in refusing to correct the alleged sentencing error in the context of defendant's appeal.

### Conclusion

In the absence of a timely appeal or cross-appeal by the state seeking to correct an illegally lenient sentence, an appellate court has no subject matter jurisdiction to consider that issue. The state cannot preserve the issue for review by raising it in its answering brief in defendant's appeal, because this is not a cross-issue in support of the trial court's judgment. An appellate court cannot, within the scope of its own review of defendant's appeal, correct a sentencing error that inures to the detriment of a criminal defendant. The court of appeals thus correctly refused to consider the sentencing error in this case.

The judgment is affirmed.

GORDON, C.J., FELDMAN, V.C.J., and MOELLER, J., concur.

CAMERON, Justice, dissenting:

I regret that I must dissent. I believe that although the majority opinion is well reasoned and thoughtful, the result is incorrect. Even though this opinion does not involve a plea agreement, the result of the majority opinion is that a defendant and a prosecuting attorney may agree to an unlawfully lenient sentence that becomes final if the trial judge fails to correct it and if the state fails to appeal.

A.R.S. § 13–4035 reads:

A. Upon appeal from a final judgment of conviction, the supreme court shall review all rulings affecting the judgment, even though a motion for a new trial was not made. If a motion for a new trial was made and denied, the court shall, on appeal from the judgment, review the action of the court below in denying a new trial. Upon appeal from an order denying a motion for a new trial or for arrest of judgment the court shall review all orders and rulings made at or before the trial, or which affect the order appealed from.

B. Upon an appeal taken by a defendant from the judgment, the supreme court shall review the entire record.

A.R.S. § 13–4036 reads:

The supreme court may reverse, affirm or modify the judgment appealed from, and may grant a new trial or render any judgment or make any order which is consistent with the justice and the rights of the state and the defendant. On an appeal from an order made after judgment, it may set aside, affirm or modify the order or any proceeding subsequent to or dependent upon such order.

I believe an illegal sentence is fundamental error. I would, therefore, hold that these two statutes, A.R.S. §§ 13–4035 and 13–4036, give this Court jurisdiction to correct fundamental error even though not raised by either party. I would set aside the illegal sentence and order the trial court to resentence the defendant.