{¶ 69} On this appeal from a judgment of conviction entered by Judge Bridget McCafferty, I concur in affirming the verdicts, but respectfully disagree with the majority's limited remand for the sole purpose of notifying Wilbon of adding details about the imposition of mandatory post-release control.
{¶ 70} Post-release control is or can be part of a defendant's sentence[3] and, therefore, the judge must inform him of its imposition and consequences at the sentencing hearing.[4] The rule applies regardless of whether the post-release control is discretionary or mandatory, because the State has the ability to appeal sentencing decisions.[5] By failing to appeal, the State has waived any sentencing error, and this court is neither required nor authorized to recognize and correct the error on its own motion.[6]
{¶ 71} Because an error in sentencing is not a jurisdictional defect, it renders the judgment voidable, but not void.[7]
Furthermore, this court should not use a defendant's appeal to justify a decision that increases his sentence, because such a result would unfairly discourage defendants from exercising their rights to appeal.[8] An appellate court should refuse to remand for an increase in the sentence even when the defendant mistakenly requests it.[9] Therefore, in the absence of an appeal by the State, the judge's sentencing error is waived.
{¶ 72} Even if the majority believes it appropriate to remand for resentencing, it is inappropriate to order a limited remand for the purpose of notifying Wilbon of post-release control. R.C.2929.19(A)(1) states the requirements of a sentencing hearing, and it also states that those requirements are applicable to hearings held on resentencing.[10] There is no provision allowing the limited remand ordered here, and the lack of such provisions makes sense because a judge should make sentencing decisions upon the totality of facts available, and not piecemeal.[11] A judge who fails to notify a defendant of post-release control provisions has also failed to demonstrate that she recognized and considered those provisions when imposing the remainder of the sentence. The statutory requirement of a full resentencing ensures that judges apply sentencing provisions in their totality, in conjunction with one another, and in recognition of their individual and combined effects.[12]
{¶ 73} The limited remand order requires the judge to add to her sentencing order without giving her the discretion to modify other portions of the sentence in recognition of circumstances that might not have been considered fully in the initial sentencing. It is inappropriate to find that she erred in sentencing while depriving her of the discretion to correct the error fairly on remand
{¶ 74} I would rule that post-release control is not part of Wilbon's sentence, and affirm the sentence imposed but require that the sentencing journal entry be corrected to accurately reflect what took place at the hearing. Although I cannot agree to remand this case, the very least damage the majority can do is to remand for a complete resentencing hearing, as required by R.C. 2929.19(A)(1).
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[3] Woods v. Telb, 89 Ohio St.3d 504, 2000-Ohio-171,733 N.E.2d 1103, paragraph two of the syllabus.
[4] Id.; Crim.R. 43(A).
[5] R.C. 2953.08; State v. Jones (May 24, 2001), Cuyahoga App. No. 77657 (Kilbane, J., dissenting); see, also, State v. Hyde (Jan. 11, 2001), Cuyahoga App. No. 77592 (judge failed to notify defendant of mandatory post-release control term).
[6] Jones, supra (Kilbane, J., dissenting).
[7] State v. Fisher (1988), 35 Ohio St.3d 22, 23,517 N.E.2d 911; Majoros v. Collins (1992), 64 Ohio St.3d 442, 443,596 N.E.2d 1038; Johnson v. Sacks (1962), 173 Ohio St. 452, 454, 20 O.O.2d 76, 184 N.E.2d 96.
[8] State v. Dawson (1990), 164 Ariz. 278, 285, 792 P.2d 741; State v. Fraser (La. 1986), 484 So.2d 122, 125; see, also, 4 American Bar Association Standards for Criminal Justice (2 Ed. 1980) 20-30, Standard 20-3.3(b).
[9] Dawson, 164 Ariz. at 286; State v. Smiley, Cuyahoga App. No. 79514, 2002-Ohio-3544, at ¶ 8.
[10] State v. Gray, Cuyahoga App. No. 81474, 2003-Ohio-436, at ¶ 12.
[11] Id., at ¶ 11.
[12] State v. Steimle, Cuyahoga App. Nos. 79154, and 79155, 2002-Ohio-2238, at ¶ 17.