NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA,
*Appellee*,

*v.*

IMOUND LOVELL DRUMMOND,
*Appellant*.

No. 1 CA-CR 18-0284
FILED 2-28-2019

Appeal from the Superior Court in Maricopa County
No. CR2017-143936-001
The Honorable Christopher A. Coury, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Joel M. Glynn
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Maria Elena Cruz and Judge Randall M. Howe joined.

---

**J O H N S E N**, Judge:

**¶1**        Imound Drummond timely filed this appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), following his conviction of aggravated assault of a peace officer, a Class 5 felony. Drummond's counsel has searched the record on appeal but found no arguable question of law that is not frivolous, and asks this court to search the record for fundamental error. Drummond was given the opportunity to file a supplemental brief but did not do so. *See Smith v. Robbins*, 528 U.S. 259, 284 (2000); *Anders*, 386 U.S. at 744; *State v. Clark*, 196 Ariz. 530, 537 (App. 1999). After reviewing the entire record, we affirm Drummond's conviction and sentence.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**        On September 24, 2017, Tempe police officers came upon Drummond as they responded to an unrelated matter.[1] Drummond was wearing a backpack. During the encounter, officers placed him in handcuffs and began searching him. Eventually they decided to search the backpack, but could not remove the backpack without first uncuffing Drummond. Not wanting to uncuff Drummond, officers cut one of the backpack's straps.

**¶3**        Drummond became upset about what the officers had done to his backpack and squirmed and forced his weight against the officers. In turn, the officers began pulling on Drummond to get him to sit on the ground. One of the officers kicked the back of Drummond's thigh to force him to sit down. During the struggle, Drummond's right arm came free from the handcuffs (they later were found to have a broken locking

---

[1]        Upon review, we view the facts in the light most favorable to sustaining the jury's verdict and resolve all inferences against Drummond. *State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013).

mechanism), and he struck one of the officers in the chest. The officer stumbled back and fell to the ground, sustaining minor injuries to his wrist.

¶4 The State charged Drummond, as relevant here, with one count of aggravated assault of a peace officer. *See* Ariz. Rev. Stat. ("A.R.S.") § 13-1204(A)(8)(a) (2019).[2] An eight-person jury found him guilty. After finding that Drummond had two historical prior felony convictions, the superior court sentenced him as a category-three repetitive offender to a slightly mitigated term of four and one half years' imprisonment, with 215 days' presentence incarceration credit. *See* A.R.S. § 13-703(J) (2019).

¶5 Drummond timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1) (2019), 13-4031 (2019) and -4033(A)(1) (2019).

## DISCUSSION

¶6 The record reflects Drummond received a fair trial. He was represented by counsel at all stages of the proceedings against him and was present at all critical stages. Pursuant to Arizona Rule of Evidence 609, the court held a hearing on Drummond's prior felony convictions and sanitized them (in agreement with the parties) before allowing the State to use them to impeach Drummond. The jury was properly comprised of eight members, and the State presented direct and circumstantial evidence sufficient to allow the jury to convict.

¶7 The court properly instructed the jury on the State's burden of proof, the presumption of innocence and the necessity of a unanimous verdict. The court, however, mistakenly instructed the jury that the State needed to prove that the "victim was a peace officer engaged in his official duties." (The legislature had recently amended § 13-1204(A)(8)(a) to remove the requirement that the assault be committed while the officer was engaged in his or her official duties. 2017 Ariz. Sess. Law, ch. 162, § 2 (1st Reg. Sess.). In any event, the mistake did not constitute fundamental error; if anything, it went in Drummond's favor because the jury was told that the State had to prove an additional element.

¶8 The jury returned a unanimous verdict, and acknowledged the verdict in open court. The court received and considered a presentence

---

[2] Absent material revision after the date of an alleged offense, we cite the current version of a statute or rule.

report, addressed its contents during the sentencing hearing and imposed a legal sentence for the crime of which Drummond was convicted.

## CONCLUSION

**¶9**      We have reviewed the entire record for reversible error and find none, and therefore affirm Drummond's conviction and resulting sentence. *See Leon*, 104 Ariz. at 300. Although the court granted Drummond one more day of presentence incarceration credit than was warranted, absent a cross-appeal by the State, we will not correct the sentence. *State v. Dawson*, 164 Ariz. 278, 286 (1990).

**¶10**      Defense counsel's obligations pertaining to Drummond's representation in this appeal have ended. Counsel need do no more than inform Drummond of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On the court's own motion, Drummond has 30 days to proceed, if he wishes, with a *pro per* motion for reconsideration. Drummond has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA