NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

SHANE DAVID JOHNSON, *Appellant.*

No. 1 CA-CR 18-0368
FILED 5-2-2019

Appeal from the Superior Court in Maricopa County
No. CR 2017-135625-001
The Honorable Jacki Ireland, Commissioner

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Office of the Legal Advocate, Phoenix
By Andrew C. Marcy
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Jennifer M. Perkins joined.

---

**B R O W N**, Judge:

¶1 This appeal is presented to us pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Defense counsel has searched the record on appeal and advised us there are no meritorious grounds for reversal. Defendant Shane David Johnson was given the opportunity to file a supplemental brief but did not do so. Our obligation is to review the entire record for reversible error, *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999), viewing the evidence in the light most favorable to sustaining the conviction and resolving all reasonable inferences against Johnson, *State v. Guerra*, 161 Ariz. 289, 293 (1989).

¶2 T.C. was with a friend outside of a bar when Johnson approached and asked if they would buy him a drink. T.C. declined and began to walk away, but Johnson grabbed the lanyard hanging out of T.C.'s pocket that held T.C.'s car key. Johnson refused to return the key and got into T.C.'s car, a white Pontiac G6. T.C. reached his arm through the open window and attempted to remove the key from the ignition. Johnson started the car and drove in reverse with T.C.'s arm still inside the car, dragging T.C. before hitting a parked vehicle. T.C. was able to free himself and Johnson drove away. T.C. called the police and reported that his car had been stolen. Meanwhile, Johnson picked up two acquaintances.

¶3 Officer Hansen was given the description of the stolen vehicle. While waiting at a stop light, Officer Hansen saw a car matching that description. He followed the car and called for backup. After pulling into a gas station, Johnson and two other men exited the car, but Johnson got back into the driver's seat as more police officers arrived. Officer Hansen noticed the car's reverse lights came on, so he activated the overhead lights in his police car to signal that he did not want Johnson to leave. But Johnson left the station and Officer Hansen followed in his patrol car with the lights activated. Eventually a police helicopter took over the pursuit and followed Johnson to a residential neighborhood where he exited the car and entered a fenced backyard of a house. Air patrol notified

officers on the ground that Johnson was trying to enter the house and he was arrested in the backyard.

¶4 The State charged Johnson with theft of means of transportation (Count 1), unlawful flight from law enforcement vehicle (Count 2), and criminal trespass, a misdemeanor (Count 3). A jury found him guilty as charged and the superior court found that the State proved Johnson had two prior historical convictions. The court sentenced him to 15 years in prison for Count 1; 5.5 years in prison for Count 2, and six months in the county jail for Count 3.[1] Johnson timely appealed.

¶5 After a thorough review of the record, we find no reversible error. *Clark*, 196 Ariz. at 541, ¶ 50. The record reflects Johnson was present and represented by counsel at all critical stages of the proceedings against him. The evidence presented supports the convictions, and the sentences imposed fall within the range permitted by law. As far as the record reveals, these proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and Johnson's constitutional and statutory rights. Therefore, we affirm Johnson's convictions and sentences.

¶6 Unless defense counsel finds an issue that may be appropriately submitted to the Arizona Supreme Court, his obligations are fulfilled once he informs Johnson of the outcome of this appeal and future options. *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Johnson has 30 days from the date of this decision to proceed, if he wishes, with a pro per motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA

---

[1] The court awarded Johnson 281 days of presentence incarceration credit but he was entitled to only 280 days. The State did not cross-appeal the court's calculation, and thus we have no authority to correct it. *State v. Dawson*, 164 Ariz. 278, 286 (1990) ("In the absence of a timely appeal or cross-appeal by the state seeking to correct an illegally lenient sentence, an appellate court has no subject matter jurisdiction to consider that issue.").