NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JERAD LEE HALTERMAN, *Appellant.*

No. 1 CA-CR 21-0146
FILED 10-7-2021

Appeal from the Superior Court in Yavapai County
No. P1300CR201900780
The Honorable Krista M. Carman, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Law Offices of Gonzales & Poirier PLLC, Flagstaff
By Tony Gonzales
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge Peter B. Swann and Judge David D. Weinzweig joined.

---

**M c M U R D I E**, Judge:

¶1        Jerad Lee Halterman appeals from his convictions for two counts of sexual conduct with a minor, one count of luring a minor for sexual exploitation, one count of aggravated luring of a minor, one count of sexual conduct with a minor under the age of 15, and the resulting sentences. Halterman's counsel filed a brief per *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, he found no arguable question of law that was not frivolous. Halterman was allowed to file a supplemental brief and raised the following issue: whether there was sufficient evidence to convict him of sexual conduct with a minor under 15. Counsel asks this court to search the record for arguable issues. *See Penson v. Ohio*, 488 U.S. 75 (1988); *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). After reviewing the record, we affirm Halterman's convictions and sentences.

## FACTS[1] AND PROCEDURAL BACKGROUND

¶2        The Yavapai County Sheriff's Office received a tip from the National Center for Missing and Exploited Children. The information alerted the Sheriff's Office to sexual Facebook messages between Halterman, then 28 years old, and the victim Ariana, then 15 years old.[2] The Sheriff's Office investigated and obtained Facebook records with a search warrant.

¶3        The records showed that Halterman and Ariana exchanged several sexual messages, and Halterman sent her two pictures of his penis and a video of himself masturbating. He suggested he wanted to go to her house to have sex, and she expressed a mutual interest. He eventually messaged her that he was on his way. Once he arrived, they met outside in

---

[1]        We view the facts in the light most favorable to upholding the verdicts. *State v. Mendoza*, 248 Ariz. 6, 11, ¶ 1, n.1 (App. 2019).

[2]        To protect the identity of the victim, we refer to her by a pseudonym.

her grandfather's truck, where he began touching her sexually. He digitally penetrated her vagina, and she masturbated his penis.

**¶4** Detectives interviewed Halterman at his home. Before the detectives gave Halterman his *Miranda*[3] rights, he admitted sending the pictures and video. He also shared that he knew Ariana was 15 years old. After being advised of his rights, Halterman waived them and continued answering questions. The interview continued at the sheriff's office, where he admitted to digitally penetrating her vagina and having her masturbate his penis.

**¶5** Halterman also admitted to vaginal intercourse with Ariana sometime after being released from prison in January 2016 but before returning to prison in April 2017. He thought she was 12 or 13 and stated he entered through her bedroom window. Ariana testified to having sexual intercourse with Halterman once when she was about 13 or 14 years old, describing how he had come through her bedroom window at around 2:00 am.

**¶6** The State charged Halterman with two counts of sexual conduct with a minor, a class 6 felony; sexual abuse, a class 5 felony; luring a minor for sexual exploitation, a class 3 felony; aggravated luring of a minor, a class 2 felony; and two counts of sexual conduct with a minor under 15, a class 2 felony and a Dangerous Crime Against Children.

**¶7** The State alleged prior felony convictions and aggravating circumstances. The State moved for a voluntariness hearing. The court conducted the hearing and found Halterman's statements to the detectives were voluntary.

**¶8** Halterman moved to sever the counts of sexual conduct with a minor under 15 from the other charges. The court denied the motion. He moved in limine to preclude the State from using his statements, the photos, and video. The court granted the motion in part but allowed the State to use the photos, video, and Halterman's statements that he had been to prison.

**¶9** Before the trial, the State dismissed the count of sexual abuse. The court dismissed one count of sexual conduct with a minor under 15 for lack of evidence during the trial. After a two-day jury trial, the jurors found Halterman guilty on the remaining counts.

---

[3] *Miranda v. Arizona*, 384 U.S. 436 (1966).

¶10         At sentencing, the court found Halterman was a category three repetitive offender. The court considered the mitigating factors of his familial support, mental health, drug addiction, and childhood issues. The court also considered the aggravating factors of profound emotional harm to the victim and Halterman's prior felonies and found the aggravating factors outweighed the mitigating factors. The court sentenced Halterman to a slightly aggravated term of four years on each count of sexual conduct with a minor, with the sentences running concurrently. Next, the court sentenced Halterman to aggravated terms of 12 years for luring a minor for sexual exploitation and 17 years for aggravated luring. The court ordered these sentences to run concurrently but consecutively to the sexual-conduct sentences. Finally, the court sentenced Halterman to an aggravated term of 21 calendar years for sexual conduct with a minor under 15, to run consecutively to the other sentences. The court credited Halterman with 120 days of presentence incarceration.[4]

¶11         Halterman appealed, and we have jurisdiction under A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

## DISCUSSION

¶12         We have read and considered counsel's brief and have reviewed the record for any arguable issues. *See Leon*, 104 Ariz. at 300. We find none.

¶13         In his supplemental brief, Halterman raises whether there was sufficient evidence to find him guilty of sexual conduct with a minor under 15. But Halterman admitted to the police that he had sex with Ariana when she was around 13 years old, which Ariana corroborated at trial. Thus, there was more than enough evidence to support the verdict.

¶14         Halterman was present and represented by counsel at all stages of the proceedings against him. The record reflects the superior court

---

[4]     Halterman claims that the court corrected an apparent miscalculation in the presentence incarceration credit, and he received 11 more days of credit. The motion and resulting recalculation order is not in our record. We find nothing in our record suggesting that Halterman was entitled to 11 more days of credit. But the State did not cross-appeal and we will not address the issue further. *See State v. Dawson*, 164 Ariz. 278, 281 (1990) (appellate court lacks jurisdiction to correct illegally lenient sentence absent appeal or cross-appeal by the State).

afforded Halterman his constitutional and statutory rights and conducted the proceedings following the Arizona Rules of Criminal Procedure. The court held appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the jury's verdicts. Halterman's sentences fall within the range prescribed by law, with credit given for presentence incarceration.

## CONCLUSION

¶15 Halterman's convictions and sentences are affirmed. After filing this decision, defense counsel's obligations pertaining to Halterman's representation in this appeal will end after informing Halterman of the outcome of this appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).



AMY M. WOOD • Clerk of the Court
FILED: AA