NOTICE:  NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CHERYL LYNN SMITH, *Appellant.*

No. 1 CA-CR 14-0104

FILED 1-27-2015

Appeal from the Superior Court in Maricopa County
No.  CR2012-125438-001
The Honorable Jerry Bernstein, Judge Pro Tempore

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Legal Defender's Office, Phoenix
By Cynthia D. Beck
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Patricia A. Orozco delivered the decision of the Court, in which Judge Randall M. Howe and Judge Maurice Portley joined.

**O R O Z C O**, Judge:

¶1         Cheryl Lynn Smith appeals her convictions and sentences stemming from her arrest for impaired driving. Smith's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), advising that after a search of the entire appellate record, she found no arguable question of law. Smith was afforded the opportunity to file a pro per supplemental brief but has not done so.

¶2         Our obligation is to review "the entire record for reversible error." *State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.2d 89, 96 (App. 1999). Finding no reversible error, we affirm Smith's convictions and sentences.

## FACTS AND PROCEDURAL BACKGROUND

¶3         After recording Smith driving above the posted speed limit, Glendale police officer Jude Soine (Officer Soine) initiated a traffic stop. When speaking with Smith, Officer Soine noticed a "faint odor" of an alcoholic beverage, Smith's eyes "appeared to be watery and bloodshot" and Smith's speech was slurred. Officer Soine asked Smith to exit her vehicle, and he stated that the odor he faintly smelled previously was more distinct as Smith walked to the rear of her vehicle. Officer Soine conducted a "horizontal gaze nystagmus" field sobriety test on Smith. After observing signs of impairment, Officer Soine arrested Smith "for DUI."

¶4         At the police station, Smith consented to a breath test that Officer Soine performed using an "Intoxilyzer 8000" certified by the Arizona Department of Health Sciences. Two separate tests produced breath alcohol concentrations of 0.232 and 0.238, respectively. Later trial testimony by a Glendale "quality assurance officer" and an Arizona Department of Public Safety criminalist indicated the breath test instrument was both properly calibrated and working correctly at the time of Smith's tests.

¶5         Smith was charged with one count of aggravated driving or actual physical control while under the influence of intoxicating liquor or drugs (third offense in eighty-four months and impaired), a class 4 felony (Count 1), and one count of aggravated driving or actual physical control while under the influence of intoxicating liquor or drugs (third offense in eighty-four months and blood alcohol level of 0.08 percent or more), a class 4 felony (Count 2). At trial, the State presented evidence that Smith previously pled guilty to impaired driving on two separate occasions.

Smith was convicted by a jury on both counts and sentenced to concurrent presumptive terms of four-and-a-half years' imprisonment with forty-five days of presentence incarceration credit. This timely appeal followed and we have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21.A.1 (West 2015),[1] 13-4031 and -4033.A.1 (West 2015).

## DISCUSSION

¶6        A conviction for Count 1 requires proof beyond a reasonable doubt that a defendant: (1) drove or was in actual physical control of a vehicle; (2) while under the influence of intoxicating liquor, drugs, or vapor releasing substance; (3) if the defendant is impaired to the slightest degree and (4) commits two other violations of § 28-1381 in an eighty-four month period, the third offense becomes "aggravated" and is classified as a class 4 felony. A.R.S. § 28-1381.A.1 (West 2015) and A.R.S. § 28-1383.A.2, L.1 (West 2015).

¶7        Smith testified that she was driving when Officer Soine initiated the traffic stop. Officer Soine, based on his training and experience, opined that Smith was under the influence of intoxicating liquor, and the breath tests performed at the police station confirmed this. The State also put forth testimony that any person becomes impaired when blood or breath alcohol concentration reaches or surpasses 0.08 percent. Smith's breath tests indicated a breath alcohol concentration that far exceeded this threshold. Finally, the State put forward evidence that showed the charged offense was Smith's third violation of A.R.S. § 28-1381 in eighty-four months. Accordingly, sufficient evidence existed to convict Smith on Count 1.

¶8        Similarly, a conviction for Count 2 required proving the same elements as Count 1, except instead of proving "impaired to the slightest degree," the State had to show Smith possessed a blood or breath alcohol concentration of 0.08 or more within two hours of driving. *See* A.R.S. § 28-1381.A.2. The elements for Count 2 that mirrored the elements of Count 1 were proven with the same evidence, including the results of Smith's breath tests showing her alcohol concentration level above 0.08 percent. Officer Soine testified that he performed the breath tests on Smith within the two hour window required by § 1381.A.2, and the instrument used to perform the tests also produced a report, admitted into evidence, that showed the

_____

[1]        We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

tests occurred within two hours of Smith driving. Thus, sufficient evidence existed to convict Smith on Count 2.

## CONCLUSION

**¶9**         We have read and considered counsel's brief and have searched the entire appellate record for reversible error. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. We find none. The record indicates Smith was represented by counsel at all critical stages of the proceedings, Smith was afforded all her rights under the Constitution and Arizona law, and the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. *See Clark*, 196 Ariz. at 541, ¶ 50, 2 P.3d at 100. Smith had an opportunity to speak at sentencing, and the sentences imposed were within the statutory limits.

**¶10**         From our independent review of the record, however, our calculations show that Smith's presentence incarceration total was less than the forty-five days awarded by the trial court. Smith's date of arrest and presentence report shows she was entitled to forty-four days of presentence incarceration. The forty-five days of credit awarded by the trial court at sentencing gives Smith a windfall of one day. This court may not correct such an error unless the State has timely cross-appealed. *State v Dawson*, 164 Ariz. 278, 281-82, 792 P.2d 741, 744-45 (1990). The State has not cross-appealed, and we conclude that trial court's sentence giving Smith credit for forty-five days accounted for all of Smith's presentence incarceration served and more. Sufficient evidence supports the jury's verdicts and, other than the presentence incarceration credit error, the trial court imposed a lawful sentence.

¶11　　　　Counsel's obligations pertaining to Smith's representation in this appeal have ended.  *See State v. Shattuck*, 140 Ariz. 582, 584, 684 P.2d 154, 156 (1984).  Smith's counsel need do no more than inform Smith of this appeal's status and her future options, unless counsel's review reveals "an issue appropriate for submission" to the Arizona Supreme Court by petition for review.  *See id*, 140 Ariz. at 584-85, 684 P.2d at 156-57.  Smith has thirty days from the date of this decision to proceed, if she desires, with a pro per motion for reconsideration or petition for review.  We affirm Smith's convictions and sentences.



Ruth A. Willingham · Clerk of the Court
FILED: ama