NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

KEVIN OTTAR, *Appellant.*

No. 1 CA-CR 15-0277
FILED 8-9-2016

Appeal from the Superior Court in Maricopa County
No. CR2013-004881-003 DT
The Honorable Danielle J. Viola, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

The Law Office of Kyle T. Green P.L.L.C., Mesa
By Kyle Green
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Jon W. Thompson joined.

---

**W I N T H R O P**, Judge:

¶1        Kevin Ottar appeals his felony convictions and sentences for one count of conspiracy to possess marijuana for sale, one count of use of wire communication or electronic communication in drug-related transactions, one count of attempted possession of marijuana for sale, one count of second-degree money laundering, and one count of possession of drug paraphernalia.  Ottar's counsel has filed a brief in accordance with *Smith v. Robbins*, 528 U.S. 259 (2000); *Anders v. California*, 386 U.S. 738 (1967); and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), stating he has searched the record on appeal and found no arguable question of law.  His counsel therefore requests we review the record for fundamental error.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999) (stating that this court reviews the entire record for reversible error).  We allowed Ottar to file a supplemental brief *in propria persona*, and he has done so.

¶2        We have appellate jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and 13-4033(A).[1]  Finding no reversible error, we affirm.

**FACTS AND PROCEDURAL HISTORY[2]**

¶3        In 2013, a grand jury indicted Ottar, charging him with one count of conspiracy to possess marijuana for sale (a class 2 felony, "count 1"), one count of use of wire communication or electronic communication in drug-related transactions (a class 4 felony, "count 2"), one count of

---

[1]       Absent material changes from the relevant date, we cite a statute's current version.

[2]       We view the facts in the light most favorable to sustaining the verdicts and resolve all reasonable inferences against Ottar.  *See State v. Kiper*, 181 Ariz. 62, 64, 887 P.2d 592, 594 (App. 1994).

possession of marijuana for sale (a class 2 felony, "count 3"), one count of second-degree money laundering (a class 3 felony, "count 4"), and one count of possession of drug paraphernalia (a class 6 felony, "count 5"). *See* A.R.S. §§ 13-1003, -2317, -3405, -3415, -3417.

**¶4** At trial, the State presented the following evidence: In October 2010, Tempe Police Officer Michael Pooley was introduced to Ottar through a confidential informant. Ottar and Officer Pooley met in a local mall, and discussed a large-scale marijuana transaction. Ottar gave the officer a Breitling watch and a diamond-studded bracelet as down payment for the purchase of about one thousand pounds of marijuana.

**¶5** Working with other officers, Officer Pooley obtained approximately 1,300 pounds of marijuana packaged in bales, and stored the bales in a warehouse. In the meantime, Ottar and Officer Pooley talked on the phone several times regarding the details of the transaction.

**¶6** Approximately two weeks later, Officer Pooley met with Ottar, accomplice Ruan Junior Hamilton, and the informant at the local mall, and they proceeded to the warehouse. At the warehouse, Ottar and Hamilton examined the marijuana and identified the bales in which they were interested. Hamilton told Officer Pooley that they would purchase 375 pounds and the rest was to be set aside for other buyers who would come at a later time.

**¶7** After inspecting the marijuana, Ottar and Hamilton met Officer Pooley at a residence to transfer money. Ottar and Hamilton arrived with a large suitcase; Hamilton opened the suitcase, and began to take U.S. currencies in various denominations out of the suitcase. Shortly thereafter, Officer Liliane Duran, posing as Officer Pooley's girlfriend and their money courier, also showed up at the residence. The money—approximately $180,000—was sorted, counted, and placed in a duffle bag, which Officer Duran then took as she left the premises. The men then went back to the warehouse. Ottar and Hamilton further inspected the bales chosen by them and, with the help of undercover officers there, repackaged the bales, using supplies that were mostly purchased by the informant with money supplied by Hamilton.

**¶8** After leaving the warehouse, Ottar talked to Officer Pooley over the phone about when the other buyers would arrive in Phoenix and when the rest of the purchase money to complete the transactions would be provided. The phone conversations continued into the early hours of the next day, when Ottar eventually told Officer Pooley that the money was

ready and they were about to leave their hotel with those funds. Ottar and Hamilton were arrested in the hotel parking lot with a suitcase that later was found to contain a large amount of cash. In a subsequent search of their hotel room, the police discovered another large amount of cash, and some jewelry.

¶9         The jury found Ottar guilty as charged for counts 1, 2, 4, and 5, and guilty of a lesser, included crime of attempted possession of marijuana for sale for count 3. The court imposed mitigated sentences of 3.5 years of imprisonment for count 1, 1.5 years for count 2, 2.5 years for count 3, 1.5 years for count 4,[3] all to run concurrently, and three years of supervised probation for count 5, with credit for thirty-eight days of presentence incarceration. Ottar timely appealed.

**ANALYSIS**

    I.    *Issues Raised by Ottar*

¶10        On appeal, Ottar argues the indictment for count 3 was "false," in violation of Ariz. R. Crim. P. 13.1(a), and the charges in the indictment were "unspecified" because the pertinent subsections of A.R.S. § 13-3405 were not specifically identified, in violation of Ariz. R. Crim. P. 13.2(c). He further argues these two alleged errors were not addressed by his counsel at trial, amounting to ineffective assistance of counsel, in violation of his Sixth Amendment rights.

¶11        None of these issues may be raised on direct appeal. Any objections to the indictment should have been raised before trial. *See* Ariz. R. Crim. P. 13.5(e) (permitting challenges to the indictment only through a pre-trial motion and within the time frame as specified in Rule 16.1 of the Arizona Rules of Criminal Procedure); Ariz. R. Crim. P. 16.1(b) (requiring motions be filed no later than twenty days before trial). Ottar did not do so; accordingly, he has waived such objections. *See* Ariz. R. Crim. P. 16.1(c) (precluding untimely motions); *State v. Anderson*, 210 Ariz. 327, 335–36, ¶¶ 15-17, 111 P.3d 369, 377-78 (2005) (holding objections to the indictment

---

[3]      The sentence of 1.5 years' imprisonment for such a felony as count 4 is less than the statutory limit of 2 years provided in A.R.S. § 13-702(D); we, however, do not correct this error. *State v. Dawson*, 164 Ariz. 278, 286, 792 P.2d 741, 749 (1990) (stating that, absent a timely appeal or cross-appeal from the State, an appellate court cannot correct an illegally lenient sentence).

not raised before trial were waived). As for claims of ineffective assistance of counsel, Ottar must first raise those issues via a petition for post-conviction relief filed with the trial court. Ariz. R. Crim. P. 32.1(a), (h); *State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9, 39 P.3d 525, 527 (2002).

       II.    *Other Issues*

**¶12** We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881; *Clark*, 196 Ariz. at 537, ¶ 30, 2 P.3d at 96. The evidence presented at trial was substantial and supports the verdicts, and the sentences, except as noted for count 4, were within the statutory limits. Ottar was represented by counsel at all stages of the proceedings and allowed to speak at sentencing. The proceedings were conducted in compliance with his constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

**¶13** After filing of this decision, defense counsel's obligations pertaining to Ottar's representation in this appeal have ended. Counsel need do no more than inform Ottar of the status of the appeal and of his future options, unless counsel's review reveals an issue appropriate for petition for review to the Arizona Supreme Court. *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Ottar has thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

**CONCLUSION**

**¶14** Ottar's convictions and sentences are affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: AA