NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

GARY MALOY, *Appellant*.

No. 1 CA-CR 16-0802
FILED 2-15-2018

Appeal from the Superior Court in Maricopa County
No. CR2014-002528-001
The Honorable Bradley H. Astrowsky, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Office of the Legal Advocate, Phoenix
By Andrew Marcy
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge Paul J. McMurdie and Chief Judge Samuel A. Thumma joined.

---

**S W A N N**, Judge:

**¶1**         This is an appeal under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), from Gary Maloy's convictions and sentences for molestation of a child, sexual conduct with a minor, and indecent exposure.  Neither Maloy nor his counsel identify any issues for appeal.  We have reviewed the record for fundamental error.  *See Smith v. Robbins*, 528 U.S. 259 (2000); *Anders*, 386 U.S. 738; *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).  We find none.

**¶2**         In September 2014, a grand jury indicted Maloy for seven counts of molestation of a child, one count of sexual conduct with a minor, and one count of indecent exposure, related to three separate victims. Specifically, the indictment charged Maloy with:

- Count 1: Molestation of a child, for touching the vagina of Victim A, who was under 15 years of age, between May 2001 and May 2003;

- Count 2: Indecent exposure, for exposing his genitals to Victim A, who was under 15 years of age, between May 2001 and May 2003;

- Count 3: Molestation of a child, for making Victim A, who was under 15 years of age, touch his penis between May 2001 and May 2003;

- Count 4: Molestation of a child, for rubbing the vagina of Victim A, who was under 15 years of age, in the bathtub between May 2001 and May 2003;

- Count 5: Sexual conduct with a minor, for "oral/penile" contact related to Victim B, who was under 15 years of age, between January 1994 and November 1994;

- Count 6: Molestation of a child, for "digital/penile" contact related to Victim C, who was under 15 years of age, between January 1994 and November 1994;

- Count 7: Molestation of a child, for "digital/penile – pet his snake" contact related to Victim C, who was under 15 years of age, between January 1994 and November 1994;

- Count 8: Molestation of a child, for "digital/penile – slip-n-slide" contact related to Victim C, who was under 15 years of age, between January 1994 and November 1994;

- Count 9: Molestation of a child, for "digital/vaginal – slip-n-slide" contact related to Victim C, who was under 15 years of age, between January 1994 and November 1994.

Maloy pled not guilty and the matter proceeded to a jury trial.

¶3        The state presented evidence of the following facts at trial. Maloy has multiple children, including daughters Victim B, who was born in 1984; Victim C, who was born in 1987; and Victim A, who was born in or around 1997. When Victim A was approximately 15 years old, she spent a weekend with Victim B and the two had a conversation that led to a police report and an investigation into Maloy's interactions with the victims during their childhoods. Victim B and Victim C disclosed certain information to police in initial interviews, and they later provided additional details.

¶4        At trial, the victims each stated that when they were young children, Maloy threatened that "three little piggies" would eat them if they did not listen to him; Victim B and Victim C further reported that Maloy would repeatedly enter their bedroom at night wearing a disguise before, Victim B reported, "grinding on us." Victim B and Victim C's half-sister confirmed that Maloy would enter the bedroom at night in disguise.

¶5        Victim B testified that before she stopped living with Maloy at around age ten, he forced her to perform oral sex on him on multiple occasions, including once when she lived with him in Phoenix as a fourth-grader. Victim C testified to several incidents at the Phoenix home, when she was a first-grader. Victim C described occasions when Maloy would order her to take a bath, enter the bathroom, touch her vagina, and make

her touch his penis. Victim C also described an occasion when Maloy asked her if she wanted to see a one-eyed snake spit and then made her touch his penis, and an occasion when Maloy touched her vagina and made her touch his penis on a day he purchased a slip-n-slide. Victim A testified that one day when she was four or five years old, she greeted Maloy at their home wearing only underwear and he then touched her vagina, exposed his penis, and made her touch his penis. A detective confirmed that Maloy lived in Glendale at the time of that interaction.

¶6        Child Protective Services had investigated Maloy during the period for which Victim B and Victim C reported sexual abuse. Victim B testified that she did not disclose the sexual abuse at that time because Maloy was physically abusive and she was afraid of him. Victim C similarly testified that she was afraid of Maloy. For her part, Victim A testified that she did not disclose her abuse until she was approximately 15 years old because she was embarrassed and Maloy was a harsh disciplinarian. The state presented expert testimony that children subjected to sexual abuse will often delay disclosing the abuse, especially if the abuser is a family member, and may disclose in piecemeal fashion.

¶7        At the close of the state's case-in-chief, Maloy moved for judgments of acquittal under Ariz. R. Crim. P. 20. The state agreed that a judgment of acquittal was appropriate on Count 4, and the court dismissed that count. The court otherwise denied Maloy's motion. Maloy testified that he never touched any of the victims in a sexual manner and never had them touch him in a sexual manner.

¶8        The jury convicted Maloy on all remaining counts, and the court held that by virtue of the verdicts the jury had necessarily found "multiple victims" as an aggravating circumstance. The court entered judgment on the verdicts, found additional aggravating circumstances, and sentenced Maloy to aggravated prison terms of: (1) 20 calendar years for Count 1, 1.5 years for Count 2, and 20 calendar years for Count 3, to be served concurrently, with credit for 1,227 days of presentence incarceration; (2) 25 calendar years for Count 5, to be served consecutively to the term for Counts 1 to 3; (3) 20 calendar years for Count 6, to be served consecutively to the term for Count 5; and (4) 20 calendar years each for Counts 7, 8, and 9, to be served concurrently with each other and consecutively to the term for Count 6.

¶9        We find no fundamental error. Maloy was present and represented at all critical stages, the jury was properly comprised and instructed, and there is no evidence of juror or prosecutor misconduct.

¶10      There were some irregularities at trial with respect to the state's first two witnesses: Victim B said, "Don't you remember that, dad" and "Remember?" to Maloy during her testimony, and her half-sister called him a "piece of shit" and told him to "burn" or "rot in hell" as she descended from the witness stand. But we discern no error in the superior court's decision to deny Maloy's motions for mistrial based on the witnesses' exclamations. Mistrial is "the most dramatic remedy for trial error and should be granted only when it appears that justice will be thwarted unless the jury is discharged and a new trial granted." *State v. Dann*, 205 Ariz. 557, 570, ¶ 43 (2003) (citation omitted). "And because the trial judge is in the best position to assess the impact of a witness's statements on the jury, we defer to the trial judge's discretionary determination" regarding a motion for mistrial. *Id.* Here, the court determined that the improper statements were adequately remedied by instructions directing the jury to disregard the improper statements. We discern no abuse of discretion in that determination, and we presume that the jury followed the instructions. *See id.* at ¶ 46. We further note that the court took pains to avoid additional witness outbursts — not only did the court ask the prosecutor to remind future witnesses not to address Maloy, but the court itself gave the same instruction to Victim C and Victim A before they testified. The court also warned Maloy, several times, to stop staring down witnesses.

¶11      The evidence was sufficient to support Maloy's convictions. A person commits the class 2 felony of molestation of a child when he intentionally or knowingly engages in or causes another person to engage in direct or indirect touching of the genitals by any part of the body, with a child who is under 15 years of age. A.R.S. §§ 13-1410, -1401(A)(3).[1] The state presented evidence that when Victim C was less than 15 years old, Maloy touched her vagina and made her touch his penis in the bathtub (Count 6), made her touch his penis after he referred to it as a snake (Count 7), and touched her vagina and made her touch his penis on the day he purchased a slip-n-slide (Counts 8 and 9). The state also presented evidence that when Victim A was less than 15 years old, Maloy touched her vagina and made her touch his penis (Counts 1 and 3). A person commits the class 6 felony of indecent exposure when he exposes his genitals in the presence of a child who is under 15 years of age and is reckless about whether the child would reasonably be offended or alarmed by the act. A.R.S. § 13-1402(A), (C). The state presented evidence that Maloy exposed

---

[1]      The elements of molestation of a child, and of indecent exposure and sexual conduct with a minor, are the same now as in the years the offenses were committed.

his penis to Victim A during the molestation incident (Count 2). A person commits the class 2 felony of sexual conduct with a minor when he intentionally or knowingly engages in oral sexual contact, which includes oral contact with the penis, with a child who is under 15 years of age. A.R.S. §§ 13-1405, -1401(A)(1). The state presented evidence that when Victim B was less than 15 years old, Maloy made her perform oral sex on him (Count 5).

¶12 The court properly determined that no trial on aggravators was necessary because the jury's verdicts meant that the jury necessarily found that the state had proved its allegation of "multiple victims" as an aggravating circumstance under the "catch-all" provision of A.R.S. § 13-701. *See State v. Glassel*, 211 Ariz. 33, 57–58, ¶¶ 103–04 (2005). The court properly found additional aggravators and imposed lawful sentences under the applicable versions of A.R.S. § 13-604.01 (the current version of which is now set forth in § 13-705) and § 13-702. The court properly credited Maloy for his presentence incarceration under A.R.S. § 13-712. A pretrial report suggests that the court miscalculated the presentence incarceration credit by one day. But the possible error was in Maloy's favor and the state has not cross-appealed, so we do not disturb the court's calculation. *State v. Dawson*, 164 Ariz. 278, 282–83 (1990).

¶13 We affirm Maloy's convictions and sentences. Defense counsel's obligations pertaining to this appeal have come to an end. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Unless, upon review, counsel discovers an issue appropriate for petition for review to the Arizona Supreme Court, counsel must only inform Maloy of the status of this appeal and his future options. *Id.* Maloy has 30 days from the date of this decision to file a petition for review *in propria persona*. *See* Ariz. R. Crim. P. 31.19(a). Upon the court's own motion, Maloy has 30 days from the date of this decision in which to file a motion for reconsideration.

