NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

ELROY MILTON RICE, JR., *Appellant.*

No. 1 CA-CR 17-0302
FILED 11-20-18

---

Appeal from the Superior Court in Maricopa County
No.  CR 2015-132023-001
The Honorable Joan M. Sinclair, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Brown & Little, PLC, Chandler
By Matthew O. Brown
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge Maria Elena Cruz and Judge David D. Weinzweig joined.

---

**B R O W N**, Judge:

¶1        Elroy Milton Rice, Jr. appeals his convictions and sentences for attempt to commit second-degree murder and two counts of aggravated assault. Counsel for Rice filed a brief in compliance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), advising that after searching the record on appeal, he found no meritorious grounds for reversal.  Rice was given the opportunity to file a supplemental brief but did not do so. Our obligation is to review the entire record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).  We view the facts in the light most favorable to sustaining the conviction and resolve all reasonable inferences against Rice.  *See State v. Guerra*, 161 Ariz. 289, 293 (1989).

¶2        Rice was initially a bystander to a fight in which his friend, Rudy, was being attacked by one of the victims, V.P.  When J.P., the second victim, ran towards the fight, Rice pointed a gun at J.P., telling him not to jump into the fight.  Soon thereafter, J.P. approached the fight, kicked Rudy, and then managed to separate V.P. and Rudy.  The fight resumed, however, and Rudy told Rice to shoot V.P.  Rice fired his gun, hitting V.P. and causing him to suffer a fractured rib, bullet fragments in his spine, and the loss of one kidney, among other injuries.   After Rice was detained, J.P. identified Rice as the shooter.  Rice consented to a police interview, during which he admitted to pointing a gun at J.P. and stated that he "tried to shoot the gun real quick just to scare somebody and run."

¶3        The State charged Rice with four counts of aggravated assault and one count of attempt to commit second-degree murder.  Before trial, the State dropped two of the aggravated assault charges. The State also filed an allegation of aggravating circumstances.

¶4        The case proceeded to trial, where Rice and Rudy were tried as co-defendants until the superior court granted Rudy's motion to sever during trial.  As to the charge of aggravated assault of J.P., Rice presented

a defense that his actions were justified by self-defense, defense of a third person, and crime prevention.

¶5        Following the 16-day trial, the jury found Rice guilty as charged.   The jury then found that the State proved aggravating circumstances as to each count. The superior court imposed "slightly aggravated" concurrent sentences of 11 years' imprisonment for attempt to commit second-degree murder and 8 years for each of the aggravated assault charges, with 650 days of presentence incarceration.[1]  Rice then filed this appeal.

¶6        After a thorough review of the record, we find no reversible error.  *See Clark*, 196 Ariz. at 541, ¶ 50.  The record reflects Rice was present (or his presence was waived) and represented by counsel at all critical stages of the proceedings against him.  The evidence presented supports the convictions, and the sentences imposed fall within the range permitted by law.  As far as the record reveals, these proceedings were conducted in compliance with Rice's constitutional and statutory rights and the Arizona Rules of Criminal Procedure.  Therefore, we affirm Rice's convictions and the resulting sentences.

¶7        Defense  counsel's  obligations  pertaining  to  Rice's representation in this appeal have ended.  *See State v. Shattuck*, 140 Ariz. 582, 584 (1984).  Counsel need do no more than inform Rice of the outcome of

---

[1]      The court awarded Rice 650 days of presentence incarceration credit but he was entitled to only 648 days. The State did not cross-appeal the court's calculation and thus we have no authority to correct it.  *State v. Dawson*, 164 Ariz. 278, 286 (1990) ("In the absence of a timely appeal or cross-appeal by the state seeking to correct an illegally lenient sentence, an appellate court has no subject matter jurisdiction to consider that issue.").

this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *Id.* at 584–85. Rice has 30 days from the date of this decision to proceed, if he wishes, with a pro per motion for reconsideration or petition for review.

