NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

CARL STEED, *Appellant*.

No. 1 CA-CR 18-0818

FILED 7-16-2019

Appeal from the Superior Court in Mohave County
No. S8015CR201400305
The Honorable Billy K. Sipe, Jr., Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Janelle A. McEachern, Attorney at Law, Chandler
By Janelle A. McEachern
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court,
in which Judge Kent E. Cattani and Judge Diane M. Johnsen joined.

**W I N T H R O P**, Judge:

**¶1**          Carl Steed ("Appellant") appeals the trial court's finding that he violated a condition of his probation (Uniform Condition 1) and the resulting sentences.  Appellant's counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), stating she has searched the record on appeal and found no arguable question of law that is not frivolous.  Appellant's counsel therefore requests that we review the record for fundamental error.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999) (stating that this court reviews the entire record for reversible error).  This court allowed Appellant to file a supplemental brief *in propria persona*, but he has not done so.  Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY[1]

**¶2**          In January 2015, pursuant to a plea agreement, Appellant pled guilty to Count I, attempted unlawful flight from a pursuing law enforcement vehicle, an undesignated offense; Count II, resisting arrest, an undesignated offense; and Count IV, DUI, a class 1 misdemeanor, all committed on February 21, 2014.  In placing Appellant on three years' supervised probation, the trial court imposed, and Appellant signed and agreed to abide by, both Special Conditions of Probation and Uniform Conditions of Supervised Probation, which included Uniform Condition 1.  Uniform Condition 1 provided: "I will maintain a crime-free lifestyle by obeying all laws, and not engaging or participating in any criminal activity."

**¶3**          In March 2016, Appellant's probation officer filed a petition to revoke Appellant's probation, alleging Appellant had violated Uniform Conditions 7 and 11 of his probation.[2]  Appellant had absconded from

---

[1]          We view the facts in the light most favorable to sustaining the verdict and resolve all reasonable inferences against Appellant.  *See State v. Kiper*, 181 Ariz. 62, 64 (App. 1994).

[2]          Uniform Condition 7 provided: "I will provide the [Adult Probation Department ("APD")] safe, unrestricted access to my residence and receive prior approval of the APD before changing my residence.  I will reside in a residence approved by the APD."  The petition alleged Appellant had violated Uniform Condition 7 as follows: "On or about January 2016, [Appellant] changed his place of residence . . . without prior permission of

probation, and his whereabouts were unknown until he was arrested in Utah on May 30, 2018. As a result of that arrest, Appellant was charged in Utah with five counts, and he entered "no contest" pleas to Count 2, DUI, a class A misdemeanor, and Count 4, interference with an arresting officer, a class B misdemeanor. The Utah court found a factual basis to accept the pleas and dismissed the other three counts with prejudice.

¶4 In August 2018, Appellant's probation officer filed a supplemental petition to revoke Appellant's probation, alleging Appellant had violated Uniform Conditions 1 and 16, as well as Special Condition 9, of his probation.[3] The petition alleged Appellant had violated Uniform Condition 1 in two instances: (1) "On or about May 30, 2018, [Appellant] committed the offense of Driving Under the Influence of Alcohol/Drugs, and subsequently entered a plea of No Contest on or about July 17, 2018, as per Washington County, Utah Fifth District Court, Case #181501295[,]" and (2) "On or about May 30, 2018, [Appellant] committed the offense of Interference with Arresting Officer, and subsequently entered a plea of No Contest on or about July 17, 2018, as per Washington County, Utah Fifth District Court, Case #181501295."

---

the APD and his current whereabouts are unknown." Uniform Condition 11 provided: "I will actively participate and cooperate in any program of counseling or assistance as determined by APD, or as required by law, given assessment results and/or my behavior. I will sign any release or consent required by the APD so the APD can exchange information in relation to my treatment, behavior and activities." The petition alleged Appellant had violated Uniform Condition 11 because he had "failed to complete an alcohol screening and enroll and successfully complete treatment, in violation of written directive dated November 25, 2015."

[3] Uniform Condition 16 provided: "I will not consume or possess any substances containing alcohol." The petition alleged Appellant had violated Uniform Condition 16 as follows: "On or about May 30, 2018, [Appellant] did consume alcohol as verified by Utah Public Health Laboratories Forensic Toxicology case #L2018-03627." Special Condition 9 provided: "Do not possess any alcoholic beverage or enter any place where alcoholic beverages are sold except for eating, working or grocery shopping." The petition alleged Appellant had violated Special Condition 9 as follows: "On or about May 30, 2018, [Appellant] did possess an alcoholic beverage as verified by Hildale-Colorado City Marshal[']s Office report #10-18-000908."

**¶5**         On October 25, 2018, the trial court held a contested probation violation hearing.  At the hearing, the State noted that it was only pursuing violations of Uniform Conditions 1 and 16 from the supplemental petition and moved to dismiss the other allegations at that time.

**¶6**         Appellant's probation officer then testified that Appellant had been arrested in Colorado City, Utah, on May 30, 2018.  The probation officer identified several exhibits related to Appellant's Utah arrest and plea, including an exhibit (Exhibit 5) obtained from the Utah jail's booking department, which documented Appellant's arrest and included a booking photo.  The probation officer also identified a "Use of Force Report" (Exhibit 3) and a search warrant affidavit (Exhibit 2) obtained from the Colorado City Marshall's Office related to Appellant's arrest.  Additionally, the probation officer identified the Utah court's sentencing minute entry (Exhibit 4) obtained from the court clerk, which indicated that on July 17, 2018, Appellant had pled no contest to Counts 2 (driving under the influence of alcohol/drugs) and 4 (interference with the arresting officer) and that the court had accepted the no contest pleas after a factual basis had been found.  The trial court admitted each of the exhibits into evidence, then found the State had proved by a preponderance of the evidence that Appellant had violated Uniform Condition 1 of his supervised probation by failing to remain law abiding.[4]

**¶7**         At the disposition hearing, the trial court revoked Appellant's probation, designated Count I (attempted unlawful flight from a pursuing law enforcement vehicle) and Count II (resisting arrest) from his 2015 plea agreement as class 6 felonies, and sentenced Appellant to consecutive, partially mitigated (minimum) six-month terms in the Arizona Department of Corrections.  The court credited Appellant for 45 days' presentence incarceration for Count I and 134 days' presentence incarceration for Count II.  As for Count IV (DUI) from the 2015 plea agreement, the court sentenced Appellant to time served in the Mohave County Jail (134 days).

**¶8**         Appellant filed a timely notice of appeal.  We have jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and 13-4033(A).

---

[4]     The court also concluded the State had failed to prove Appellant violated Uniform Condition 16 of his probation.

**ANALYSIS**

**¶9**          As an initial matter, our review of the record indicates that, but for Appellant absconding from probation in 2016, Appellant's May 30, 2018 Utah offenses, the related August 2018 probation violation charges in the supplemental petition, and the October 2018 probation violation hearing occurred after his probation term was originally set to expire (on April 23, 2018). However, Appellant's action in absconding tolled or otherwise extended the probation period. *See* A.R.S. § 13-903(C) ("The running of the period of probation shall cease during the unauthorized absence of the defendant from the jurisdiction or from any required supervision and shall resume only upon the defendant's voluntary or involuntary return to the probation service."), (D) ("The running of the period of probation shall cease during the period from the filing of the petition to revoke probation to the termination of revocation of probation proceedings, except that if a court determines that the defendant is not a violator, there is no interruption of the period of probation.").

**¶10**          Our review also indicates Appellant should have only received 133 days of presentence incarceration credit for Counts II and IV, not 134 days. However, the State has not filed a cross-appeal, and relying on *State v. Dawson*, 164 Ariz. 278, 286 (1990), we do not correct this error.

**¶11**          We have reviewed the remaining record for reversible error and find none. *See Leon*, 104 Ariz. at 300; *Clark*, 196 Ariz. at 537, ¶ 30. The evidence presented at the probation violation hearing was substantial and supports the court's finding that Appellant violated a condition of his supervised probation. Appellant was represented by counsel at all stages of the proceedings and was given the opportunity to speak at sentencing. The proceedings were conducted in compliance with his constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

**¶12**          After filing of this decision, defense counsel's obligations pertaining to Appellant's representation in this appeal have ended. Counsel need do no more than inform Appellant of the status of the appeal and of his future options, unless counsel's review reveals an issue appropriate for petition for review to the Arizona Supreme Court. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Appellant has thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

**CONCLUSION**

¶**13** We affirm the trial court's finding that Appellant violated a condition of his probation and the resulting sentences.



AMY M. WOOD • Clerk of the Court
FILED:          RB