NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ELIJAH JOHNZAL SHELTON, IV, *Appellant.*

No. 1 CA-CR 19-0030
FILED 3-3-2020

Appeal from the Superior Court in Maricopa County
No. CR 2015-138575-001
The Honorable Pamela S. Gates, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Thomas K. Baird
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Lawrence F. Winthrop joined.

---

**B R O W N**, Judge:

¶1       This appeal is presented to us pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Defense counsel has searched the record on appeal and advised us there are no meritorious grounds for reversal. Elijah Shelton was given the opportunity to file a supplemental brief but did not do so. Our obligation is to review the entire record for reversible error, *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999), viewing the evidence in the light most favorable to sustaining the conviction and resolving all reasonable inferences against Shelton, *State v. Guerra*, 161 Ariz. 289, 293 (1989). After reviewing the record, we affirm Shelton's convictions and sentences.

¶2       In August 2015, E.S. and her sister were staying at a hotel to celebrate E.S.'s birthday and to allow E.S. to see her boyfriend, K.S. Various family members, including E.S.'s father ("Father"), came to the hotel. When K.S. introduced himself, Father got upset and told K.S. to leave. K.S. refused to leave, but he stepped outside the hotel room to smoke, accompanied by E.S. Father also went outside the room and called Shelton, E.S.'s brother.

¶3       When Shelton arrived, Father told him that K.S. was being disrespectful. Shelton then approached K.S. while he was standing near the top of the staircase outside the hotel room and started punching him. K.S. hit back while E.S. told them to stop. Shelton later claimed that K.S. was the one who punched him first.

¶4       While Shelton and K.S. were fighting, they moved toward the top of the staircase where K.S.'s gun fell from his waistband. K.S. picked his gun up and pointed it at Father and Shelton. Shelton backed up and K.S. turned and ran toward the back of the hotel. E.S. followed K.S. while Shelton ran downstairs to his car, returning with a gun.

¶5        When he found K.S. and E.S., Shelton started shooting at K.S. and K.S. returned fire. Shelton shot K.S. in the chest and leg, and K.S. fell to the ground and died at the scene.  E.S. was also struck in her leg and hip by bullet fragments.  Shelton was shot in his arm and stomach.

¶6        A grand jury returned an indictment for Shelton for first-degree murder and aggravated assault.  The State alleged three aggravating circumstances.  At trial, Shelton claimed that K.S. shot at him first, and he shot back in self-defense.

¶7        After an 11-day jury trial, the jury was unable to decide if Shelton was guilty of first-degree murder but found him guilty of second-degree murder and aggravated assault.  The jury also found that the State had proved three aggravating circumstances beyond a reasonable doubt. The superior court sentenced Shelton to concurrent terms of 15 years' imprisonment for second-degree murder and 5 years' imprisonment for aggravated assault with 1082 days presentence incarceration credit.[1]  The court later granted Shelton's request to file this delayed notice of appeal.

¶8        After a thorough review of the record, we find no reversible error.  *Clark*, 196 Ariz. at 541, ¶ 50.  The record reflects Shelton was present and represented by counsel at all critical stages of the proceedings against him.  The evidence presented supports the convictions, and the sentences imposed fall within the range permitted by law.  As far as the record reveals, these proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and Shelton's constitutional and statutory rights.  Therefore, we affirm Shelton's convictions and sentences.

¶9        Unless defense counsel finds an issue that may be appropriately submitted to the Arizona Supreme Court, his obligations are fulfilled once he informs Shelton of the outcome of this appeal and his future options.  *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).  Shelton has 30 days from the date of this decision to proceed, if he wishes, with a pro per motion for reconsideration or petition for review.

---

[1]        The court awarded Shelton 1082 days of presentence incarceration credit but he was entitled to only 1080 days.  The State did not cross-appeal the court's calculation, and thus we have no authority to correct it.  *State v. Dawson*, 164 Ariz. 278, 286 (1990) ("In the absence of a timely appeal or cross appeal by the State seeking to correct an illegally lenient sentence, an appellate court has no subject matter jurisdiction to consider that issue.").

¶10 For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA