NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

DAVID PERRYMAN, JR., *Appellant*.

No. 1 CA-CR 20-0069
FILED 5-20-2021

Appeal from the Superior Court in Maricopa County
No. CR 2019-001483-001
The Honorable Timothy J. Ryan, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Kyle T. Green, Tempe
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge David B. Gass joined.

_____

**B R O W N**, Judge:

¶1        This appeal is presented to us pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969).  Defense counsel has searched the record on appeal and advised us there are no meritorious grounds for reversal.  Perryman was given the opportunity to file a supplemental brief but did not do so.  Our obligation is to review the entire record for reversible error, *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999), viewing the evidence in the light most favorable to sustaining the conviction and resolving all reasonable inferences against Perryman, *State v. Guerra*, 161 Ariz. 289, 293 (1989).

¶2        M.B., Perryman's fiancée and mother of their five children, told police officers she and Perryman had a verbal argument that became physical after Perryman entered M.B.'s home by climbing through a window.  In three separate indictments, Perryman was charged with multiple crimes relating to this domestic violence incident.  The only crimes at issue here, however, are two counts of tampering with a witness.  While incarcerated before trial, one of Perryman's phone calls was randomly selected for monitoring by law enforcement.  During the call, M.B. and Perryman referred to each other by name and the call was associated with Perryman's booking number.  The officer then pulled six or seven more calls that contained conversations during which Perryman asked M.B. to recant her story and to confirm it by providing an affidavit.

¶3        About a month before trial, Perryman informed the superior court he wanted to represent himself.  After conducting a thorough colloquy, the court determined Perryman could represent himself, and advisory counsel would be appointed.  The court also *sua sponte* consolidated all three cases for trial.

¶4        At trial, portions of various phone calls Perryman made to M.B. from jail were played for the jury. Perryman admitted in his testimony that he called M.B. often, but said he only did so to talk about their

relationship. Perryman also acknowledged he was on probation at the time of the offenses and he had prior felony convictions.

¶5 The jury found Perryman guilty as charged in the present case, and found him guilty of tampering with a witness, assault, and disorderly conduct in the other cases. Perryman has appealed only the disposition and sentence of this case, for two counts of witness tampering.[1]

¶6 At Perryman's request, the superior court appointed counsel to represent him for sentencing. The court then imposed presumptive concurrent sentences of 3.75 years in prison on each count. The court awarded Perryman 343 days of presentence incarceration credit, although he was only entitled to credit for 342 days. Because the State did not cross-appeal the court's calculation, we will not correct it. *See State v. Dawson*, 164 Ariz. 278, 286 (1990). Perryman timely appealed.

¶7 After a thorough review of the record, we find no reversible error. *Clark*, 196 Ariz. at 541, ¶ 50. The record reflects Perryman was present and represented himself, with the assistance of advisory counsel, at all critical stages of the trial proceedings. He was present and represented at sentencing by counsel. The evidence presented supports the convictions, and the sentences imposed fall within the range permitted by law. As far as the record reveals, these proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and Perryman's constitutional and statutory rights. Therefore, we affirm Perryman's convictions and sentences.

¶8 Unless defense counsel finds an issue that may be appropriately submitted to the Arizona Supreme Court, his obligations are fulfilled once he informs Perryman of the outcome of this appeal and his

---

[1] As far as the record reveals, Perryman did not appeal the convictions and sentences in the other two cases that were consolidated for trial with the present case. We express no opinion on whether Perryman may have a viable claim under Arizona Rule of Criminal Procedure 32.1 for counsel's failure to file notices of appeal in those two cases.

future options.  *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).  Perryman has 30 days from the date of this decision to proceed, if he wishes, with a pro per motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:     AA