NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

HEATHER ANN KRICK, *Appellant*.

No. 1 CA-CR 21-0062
FILED 4-28-2022
AMENDED PER ORDER FILED 5-2-2022

Appeal from the Superior Court in Maricopa County
No. CR2019-113561-002
The Honorable Rosa Mroz, Judge (Deceased)

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jeffrey L. Force
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge D. Steven Williams delivered the decision of the Court, in which Judge David B. Gass and Judge James B. Morse Jr. joined.

---

**W I L L I A M S**, Judge:

¶1        Heather Ann Krick appeals her convictions and sentences for possession of narcotic drugs for sale, sale or transportation of narcotic drugs, possession of dangerous drugs for sale, possession of drug paraphernalia, and possession of marijuana. Krick's counsel filed a brief per *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969) advising us there are no meritorious grounds for reversal. Krick was granted an opportunity to file a supplemental brief *in propria persona* and did not do so. After reviewing the record, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2        In March 2019, a security guard at a Motel 6 in Phoenix observed several people going in and out of a room registered to Krick. The security guard, who was wearing a body camera, knocked on Krick's door and Krick opened it, exposing various items of drug paraphernalia. A.H., who had just purchased heroin from Krick, was seated in the room. The security guard asked Krick whether there were any weapons or drugs in the room and Krick responded by opening her purse and removing a makeup bag which contained a small sandwich bag of methamphetamine, a bag of heroin, and a digital scale. Krick also had marijuana in her purse as well as several clear plastic sandwich bags.

¶3        Krick admitted to a Phoenix police officer that she sold heroin to A.H. and that she intended to sell the remaining drugs. A detective with the Phoenix Police Department Drug Enforcement Bureau later reviewed the evidence seized and opined that, based on the amount of heroin, methamphetamine, the packaging materials, and the scale, that the drugs were possessed by Krick for sale.

¶4        Krick was charged with possession of narcotic drugs for sale, a Class two felony (Count One); sale or transportation of narcotic drugs, a Class two felony (Count Two); possession of dangerous drugs for sale, a Class two felony (Count Three); possession of drug paraphernalia, a Class

six felony (Count Four); and possession or use of marijuana, a Class 6 felony (Count Five).

¶5 At trial, Krick moved for directed verdict under Arizona Rule of Criminal Procedure 20 following the State's presentation of the case. The trial court denied the motion. The jury convicted Krick as charged. After an aggravation hearing, the jury found the State had proven beyond a reasonable doubt that Krick committed Counts One, Two and Three for pecuniary gain. Count Five was dismissed before sentencing at the State's request.

¶6 The trial court also found Krick had committed six prior felony offenses and sentenced her to presumptive terms of 15.75 years' imprisonment on Counts One through Three and a presumptive term of 3.75 years' imprisonment on Count Four, all running concurrently, with presentence credit for 240 days served.[1] Krick timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

¶7 Our obligation is to review the entire record for reversible error, *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999), viewing the evidence in the light most favorable to sustaining the convictions and resolving all reasonable inferences against Krick, *see State v. Guerra*, 161 Ariz. 289, 293 (1989).

¶8 All proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, Krick was at all times represented by counsel. *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel at critical stages). Krick was present for the first three days of trial but failed to appear for the final day of trial. *See* Ariz. R. Crim. P. 9.1 ("[A] defendant's voluntary absence waives the right to be present at any proceeding."). At trial, the jury was properly comprised of twelve jurors, and the record shows no evidence of juror misconduct. *See* A.R.S. § 21-102; Ariz. R. Crim. P. 18.1(a). The trial court properly instructed

---

[1] The court awarded Krick 240 days of presentence incarceration credit but she was entitled only to 120 days. The State did not cross-appeal the court's calculation and thus we have no authority to correct it. *State v. Dawson*, 164 Ariz. 278, 286 (1990) ("In the absence of a timely appeal or cross-appeal by the state seeking to correct an illegally lenient sentence, an appellate court has no subject matter jurisdiction to consider that issue.").

the jury on the elements of the charged offenses, the State's burden of proof, and Krick's presumption of innocence. At sentencing, Krick was given an opportunity to speak, and the court stated on the record the evidence and materials it considered and the factors it found in imposing the sentences. *See* Ariz. R. Crim. P. 26.9, 26.10. Additionally, the sentences imposed were within the statutory limits. *See* A.R.S. §§ 13-701 through -709 (as applicable).

**¶9**          Our review reveals no fundamental error. *See Leon*, 104 Ariz. at 300 ("An exhaustive search of the record has failed to produce any prejudicial error.").

**CONCLUSION**

**¶10**          We have reviewed the entire record for reversible error and find none; therefore, we affirm Krick's convictions and sentences.

**¶11**          Defense counsel's obligations pertaining to Krick's representation in this appeal have ended. Defense counsel need do no more than inform Krick of the outcome of this appeal and her future options, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On this court's motion, Krick has 30 days from the date of this decision to proceed, if she wishes, with an *in propria persona* motion for reconsideration or petition for review.

